```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MORTEZA AFSHAR,

       Petitioner,

v.                                    Case No.  2:24-cv-826-JES-NPM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

       Respondent.
_____/

## OPINION AND ORDER

This cause is before the Court on the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Morteza Afshar, a prisoner of the Florida Department of Corrections. (Doc. 1). At the Court's direction (Doc 4), Respondent filed a response (Doc. 10), and the petition is ripe for review.

Upon careful consideration of the pleadings, the state court record, and the entire file, the Court concludes that Afshar is not entitled to federal habeas corpus relief. Because the petition is resolved on the record, an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### I.  Background and Procedural History

On June 29, 2015, the state charged Afshar by amended information with one count of sexual battery on a person twelve years of age or older, a second degree felony, in violation of Florida Statute § 794.011(5). (Doc. 11-2 at 16). A jury found

Afshar guilty as charged. (Id. at 481). The state court sentenced him to twelve years' imprisonment. (Id. at 503-09).

Thereafter, Afshar filed an amended motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Rule 3.850 Motion). (Doc. 11-2 at 561). The postconviction court summarily denied relief on three claims and ordered an evidentiary hearing on one claim. (Id. at 850-58). After the hearing, the postconviction court denied the remaining claim. (Id. at 946). The Second District Court of Appeal (Second DCA) affirmed without a written opinion. (Id. at 1107).

On February 25, 2020, Afshar filed an amended motion for arrest of judgment under Rule 3.610 of the Florida Rules of Criminal Procedure. (Doc. 11-2 at 1124). The circuit court denied the motion as untimely. (Id. at 1162). The court explained that "[a] motion for arrest of judgment must be filed within ten days of the verdict, and this time limit is jurisdictional and cannot be extended." (Id.) The Second DCA affirmed with string cites. (Id. at 1191).

Afshar then filed a motion and an amended motion to correct an illegal sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure (collectively, Rule 3.800(a) motion). (Doc. 11-2 at 1208-20). The postconviction court denied relief on December 20, 2022. (Id. at 1391-99). Florida's Sixth District Court of Appeal affirmed. (Id. at 1473.)

Afshar signed the present petition on September 6, 2024. (Doc. 1 at 15).[1]

## II. Governing Legal Principles

### A. The Antiterrorism Effective Death Penalty Act (AEDPA)

Under the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). In this context, "clearly established federal law" consists of the governing legal principles, and not the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. White v. Woodall, 572 U.S. 415, 420 (2014); Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).

A decision is contrary to clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached

---

[1] Under the "mailbox rule," an inmate's pleading is considered filed on the date delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003). A decision involves an unreasonable application of clearly established law if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) (quoting Williams, 529 U.S. at 406).

The section 2254(d) standard is both mandatory and difficult to meet. To demonstrate entitlement to federal habeas relief, the petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 572 U.S. at 420 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). Moreover, when reviewing a claim under section 2254(d), a federal court must presume that any "determination of a factual issue made by a State court" is correct, and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e).

A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits, warranting deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Generally, in the case of a silent affirmance, a federal habeas court will "look through" the unreasoned opinion and presume that the affirmance rests upon the specific reasons given by the last court to provide a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991); Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). However, the presumption that the appellate court relied on the same reasoning as the lower court can be rebutted "by evidence of, for instance, an alternative ground that was argued [by the state] or that is clear in the record" showing an alternative likely basis for the silent affirmance. Sellers, 138 S. Ct. at 1196.

**B.   Ineffective Assistance of Counsel**

In Strickland v. Washington, the Supreme Court established a two-part test for whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687–88 (1984). A petitioner must establish that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Id. A showing on only one prong will not support an ineffective assistance claim. Id. at 687 ("Unless a defendant makes both showings, it cannot be

said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.").

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Id. at 688. In reviewing counsel's performance, a court must adhere to the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689 (citation omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a highly deferential level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). Proving Strickland prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

**C.   Exhaustion and Procedural Default**

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b)(1). Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995). Under the similar doctrine

of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012).

To avoid dismissal under these rules, a petitioner must extablish objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate a reasonable probability the outcome of the proceeding would have differed. Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002). A second exception, known as the "fundamental miscarriage of justice," only occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Murray v. Carrier, 477 U.S. 478, 479-80 (1986).

### III. Discussion

Afshar raises four grounds for relief in this habeas petition. His first three grounds allege ineffective assistance of trial counsel Jason Kruska and Jason Rios (collectively, "Counsel"). In his fourth ground, Afshar alleges that he was tried, convicted,

and sentenced for an uncharged crime. Afshar raised the ineffective assistance claims in his Rule 3.850 Motion. They were denied by the postconviction court, and the denial was affirmed by the appellate court without a written opinion. (Doc. 11-2 at 1107). Accordingly, these claims were exhausted, and this Court looks through the appellate court's summary affirmance, and unless stated otherwise, presumes that the Second DCA's affirmance rested upon the specific reasons given by the postconviction court. Sellers, 138 S. Ct. at 1196. As explained below, Afshar's due process claim (Ground Four) must be dismissed as unexhausted.

**A.   Ground One**

Afshar claims that Counsel was constitutionally ineffective for advising him not to testify at trial. (Doc. 1 at 5). He asserts that he was "misadvised and misled as to the necessity of testifying on his own behalf in order to place evidence of his theory of defense before the jury[.]" (Id. at 25). He argues that the error was compounded because "Counsel had promised the jury in opening statements that they would hear Petitioner's testimony." (Id.)

Afshar raised this claim in his Rule 3.850 Motion. The postconviction court concluded that it could not determine "from the face of the record" whether Counsel's advice was reasonable, and ordered an evidentiary hearing. (Doc. 11-2 at 853).

At the hearing, Afshar testified that he wanted (and planned)

to testify at trial because the only evidence against him was his wife's testimony.² (Doc. 11-2 at 959, 986). He asserted that, before trial, Kruszka tried to talk him out of testifying because of his (Afshar's) limited English skills. (Id. at 987-88, 1007). He testified that Rios also advised against testifying because of Afshar's language barrier and because he was originally from Iran. (Id. at 989). Afshar admitted that he knew that the decision whether to testify was his own, and that the trial judge had emphasized that point to him. (Id. at 990).

In stark contrast to Afshar's testimony, Kruszka said that he told Afshar he should testify at trial and that "all the way up until the point where he decided not testify, it was my expectation that he would testify at trial." (Doc. 11-2 at 997). Kruszka explained that the statement Afshar had given to law enforcement was not "entirely advantageous to him" and that there were portions of his statement and aspects of his relationship with the victim that the defense "wanted to get out." (Id. at 998-99). Similarly, Rios denied advising Afshar not to testify. (Id. at 1003). Rios explained that he was not the primary counsel on the case and "never wanted to advise [Afshar] whether he should testify or not." (Id. at 1004).

The postconviction court resolved the dispute by finding

---

² Afshar was accused of sexually assaulting his wife.

"credible the testimony of attorneys Kruszka and Rios that neither one of them affirmatively advised [Afshar] not to testify at trial." (Doc. 11-2 at 951). The Court further found that Counsel had "made a reasonable strategic decision in advising [Afshar] *to* testify. [Afshar] exercised his own free will when he chose *not* to testify *against* the advice of counsel." (Id. (emphases in original)). Therefore, the postconviction court concluded, Afshar "has failed to meet his burden of proof as to either prong of Strickland." (Id.)

Federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422 (1983); Consalvo v. Sec'y, Dep't of Corr., 664 F.3d 842 (845) (11th Cir. 2011)("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review."). In short, the credibility of a witness is a question of fact, and the state courts' finding on this question is cloaked with a presumption of correctness. Consalvo, 664 F.3d at 845; 28 U.S.C. § 2254(e). A court may not disturb the state courts' finding unless it was " an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Afshar argues that the postconviction court's credibility determination *was* unreasonable, and points out that Counsel argued

in closing that Afshar did not need to testify since "all the information that you need is in [Afshar's statement to police]." (Doc. 1 at 27). Afshar claims that this argument shows that both Kruszka and Rios lied under oath at the evidentiary hearing because Counsel could have argued to the jury (in closing) that Afshar chose not to testify because the evidence to convict him was insufficient. (Id. at 26–27). However, Afshar does not explain why Kruszka told the jury in his opening statement that Afshar was going to testify if, as he alleges, Kruszka had already advised Afshar against doing so. (See Doc. 11-2 at 217–18). Applying deference to the state courts' credibility determinations and considering the record evidence supporting Kruska's claim that he advised Afshar to take the stand, the Court concludes that the state courts' findings were reasonable. Thus, the courts' rejection of Ground One on both Strickland prongs was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 572 U.S. at 420. Afshar is not entitled to federal habeas corpus relief on Ground One.

**B. Ground Two**

Afshar asserts that Counsel was constitutionally ineffective for failing to call the victim's 16-year-old son, Mohammed Ehson, to testify at trial. (Doc. 1 at 7). He asserts that Ehson was the only other person home when the alleged rape occurred and that

he would have testified if subpoenaed to do so. (Id. at 29). Afshar raised this claim in his Rule 3.850 Motion, and the postconviction court summarily denied it on Strickland's prejudice prong. (Doc. 11-2 at 854, 952). The postconviction court noted that the "victim testified that her son was asleep at the time, the incident was not loud and violent, she did not tell the son what happened, and she did not yell or scream during the incident." (Id. at 854.) The court then determined that Afshar's claim of prejudice "is purely speculative, which cannot be a basis for postconviction relief." (Id.) Florida's Second DCA affirmed without a written opinion. (Id. at 1107).

Afshar argues that the state courts' rejection of this claim was unreasonable because: (1) an evidentiary hearing "was necessary in order to evaluate counsel's performance and fully develop the state court record"; and (2) "the victim's testimony with regard to what she believed her son may or may not have heard was an improper basis for summary denial." (Doc. 2 at 30). These arguments do not carry the day for two reasons.

First, to the extent Afshar argues that the state court erred under Florida law by failing to hold an evidentiary hearing on this claim, the argument is not cognizable on federal habeas corpus review and is subject to dismissal for that reason alone. See Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) ("Neither the state court's failure to hold a hearing on petitioner's 3.850

motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction."); Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (recognizing that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief").

Next, "Strickland places the burden on [the petitioner], not the State, to show a 'reasonable probability' that the result would have been different" had Counsel performed as Afshar now argues he should have. Wong v. Belmontes, 558 U.S. 15, 27 (2009) (quoting Strickland, 466 U.S. at 694). Here, Afshar only speculates that Ehson's testimony would have resulted in a different outcome at trial. See Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting Aldrich v. Wainwright, 777 F.2d 630, 636 (11th Cir. 1985)); Jones v. State, 845 So. 2d 55, 64 (Fla. 2003) ("Postconviction relief cannot be based on speculative assertions."). In fact, Afshar speculates as to the actual substance of Ehson's testimony. He has not offered Ehson's sworn testimony detailing what he would have said if deposed or called to testify at trial. Without such a showing, Afshar cannot

demonstrate Strickland prejudice. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").

The state courts reasonably concluded that Afshar did not show Strickland prejudice from Counsel's failure to call Ehson as a witness at trial. Afshar is not entitled to federal habeas relief on Ground Two.

**C.   Ground Three**

Afshar next asserts that Counsel was constitutionally ineffective for failing to call the emergency room physician, Dr. Schulz, who examined the victim upon her arrival at the hospital. (Doc. 1 at 8). He explains that Dr. Schulz "noted no signs of forced sexual contact" which would have supported his "defense theory of fabrication." (Id. at 33).

Afshar raised this claim in his Rule 3.850 Motion, and the postconviction court once again denied the claim on Strickland's prejudice prong. The postconviction court noted that "[t]he victim's medical records, which included medical treatment provided by Dr. Schulz and Ms. Paradiso [a nurse practitioner and sexual assault nurse examiner], were admitted and published to the

jury, without objection; therefore, the information that Dr. Schulz could have provided via testimony actually did go to the jury." (Doc. 11-3 at 856). The postconviction court explained:

> Had Dr. Schulz testified at trial, his testimony would have been consistent with the victim's ER medical records, and the testimony from the ER nurse. Defendant failed to allege how Dr. Schulz's testimony would have a reasonable probability of changing the outcome when the medical record evidence from the hospital visit, the sexual examination, the sexual assault kit, testimony from Ms. Paradiso, and testimony from Ms. Rommel[an Florida Department of Law Enforcement crime laboratory analyst] were presented to the jury.

(Id. at 857). Florida's Second DCA affirmed without a written opinion. (Id. at 1107). Afshar concedes that some of Dr. Schulz's testimony may have been cumulative, but argues that the postconviction court overlooked the fact that the testimony would have supported his defense theory of fabrication and "[a]s such, an evidentiary hearing was necessary to explore Counsel's reasoning for not calling this doctor, and to allow Petitioner the opportunity to sustain his burden in support of a new trial." (Doc. 1 at 33).

Ground Three suffers from the same defects as Ground Two. Namely, Afshar cannot base a federal habeas claim on a defect in state postconviction proceedings. Thus, the postconviction court's failure to hold an evidentiary hearing on this ground does not entitle him to federal habeas corpus relief. Likewise, Afshar

does not offer sworn testimony from Dr. Schulz detailing what he would have said if called to testify at trial. Therefore, the nature and helpfulness of Dr. Schulz's testimony is merely speculative. See discussion supra Ground Two. Moreover, the same information that could have been elicited from Dr. Schulz's testimony—that the victim did not show obvious physical trauma from the sexual assault—was introduced through other testimony and evidence offered to the jury. Counsel is not ineffective for failing to present redundant evidence. See Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1324 n.7 (11th Cir. 2002) ("A petitioner cannot establish ineffective assistance by identifying additional evidence that could have been presented when that evidence is merely cumulative.").

Afshar has not shown deficient performance or resulting prejudice from Counsel's failure to call Dr. Schulz as a defense witness. Accordingly, the state courts reasonably rejected this claim on Strickland's prejudice prong, and Afshar is not entitled to federal habeas relief on Ground Three.

**D.   Ground Four**

Afshar asserts that his right to due process was violated "when he was tried, convicted and sentenced for an uncharged crime." (Doc. 1 at 10). Specifically, he asserts that he was initially charged under Florida Statute § 794.011(5) for a sexual battery that occurred on November 11, 2014. (Id. at 35; Doc. 11-

2 at 11). He was later charged in an amended information that did not clarify the applicable subsection of section 794.011(5). (Id. at 36). Afshar claims that the verdict was thus based on a charge not made in the indictment. (Id. at 35–36.)[3]

Afshar raised this claim in his motion for an arrest of judgment. (Doc. 11-2 at 1124). However, the circuit court declined to consider the claim's merits because the motion was filed outside the ten-day limit for filing such a motion. (Doc. 11-2 at 1162). The Sixth DCA affirmed with string cites. (Id. at 1191). Likewise, when Afshar re-raised the matter in his motion

---

[3] This claim is dismissed as unexhausted. See discussion infra. However, by way of explanation, the Court notes that Plaintiff was convicted for a crime charged in the information. See 28 U.S.C. § 2254(b)(2). The amended information was merely imprecise. Before October 1, 2014, sexual battery (without force) on a person 12 or older was a second-degree felony. See Fla. Stat. § 794.011(5) (2013). Section 794.011 was amended, effective October 1, 2014, to re-classify sexual battery by an adult on a person between the ages of 12 and 18 as a first-degree felony. See § Fla. Stat. § 794.011(5) (2014), Ch. 2014-4, §§ 3, 18, at 5, 40, Laws of Fla. As amended, section 794.011(5) contained several subsections that delineate the degree of felony depending upon the ages of the perpetrators and victims. Fla. Stat. § 794.011(5)(a)-(d). Afshar's amended information erroneously retained the "twelve years or older" language. (Doc. 11-2 at 16, 485, 503). Although the amended information did not specify the subsection of section 794.011(5) under which Afshar was charged, he was charged with (and convicted of) a second-degree felony. Given that Afshar and the victim were both over eighteen years of age when the crime occurred, the only applicable subsection was section 794.011(5)(b). (Doc. 11-2 at 16); see also the trial court's "Order Denying Defendant's 3.800(a) Amended Motion" ("The Court finds that the amended information, taken as a whole was sufficient to support the Defendant's conviction and sentence for violation of Florida Statute section 794.011(5)(b)").

to correct illegal sentence (<u>id.</u> at 1459), the trial court concluded that the information did <u>not</u> fail to charge the crime for which Afshar was convicted, and he had "waived any defects in the information." (<u>Id.</u> at 1395). The Sixth DCA affirmed without a written opinion. (<u>Id.</u> at 1473).

A federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 772, 729 (1991). This doctrine "applies to bar federal habeas [relief] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." <u>Id.</u> at 729-30. Here, the state courts "clearly and expressly" stated that its rejection of this claim was based on a procedural default; Afshar did not timely raise this claim, and by failing to do so, he waived it. <u>See</u> Fla. R. Crim. P. 3.590 (stating that "a motion . . . in arrest of judgment . . . may be made. . . within 10 days after the rendition of the verdict or the finding of the court"); <u>State v. Perkins</u>, 977 So.2d 643, 645 (Fla. 5th DCA 2008) ("It has long been Florida law that technical deficiencies or defects in form may be waived by failure to make timely objection or by a plea to the merits."); <u>McMillan v. State</u>, 832 So.2d 946, 948 (Fla.

5th DCA 2002) ("Where the charging document is merely imperfect or imprecise, the failure to challenge it by motion to dismiss waives defect.").

In short, Afshar procedurally defaulted this claim, and as a result, it was not exhausted in state court. He does not advance cause for his failure to timely raise the claim in state court or allege facts showing that a fundamental miscarriage of justice occurred. Accordingly, Ground Four is dismissed under 28 U.S.C. § 2254(b)(1)(A).

## IV. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. The amended 28 U.S.C. § 2254 petition filed by Morteza Afshar is **DENIED**. Grounds One, Two, and Three are denied on the merits, and Ground Four is dismissed as procedurally barred and unexhausted.

2. The Clerk is **DIRECTED** to enter judgment in favor of Respondent and against Afshar, deny any pending motions as moot, terminate any deadlines, and close this case.

## Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court or circuit justice or judge must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the issues presented [are] adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  When, as here, the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Upon consideration of the record, the Court declines to issue a COA.  Because Afshar is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE and ORDERED** in Fort Myers, Florida on February 5th, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:   Morteza Afshar, counsel of record